UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO RODRIGUEZ SANTANA,

       Petitioner,

   v.                            Case No.:  2:26-cv-00615-SPC-DNF

ICE *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Lazaro Rodriguez Santana's Petition for Writ of Habeas Corpus (Doc. 5) and the government's response (Doc. 10).  For the below reasons, the Court grants the petition.

### A. Background

Rodriguez Santana is a native of Cuba who entered the United States on April 27, 1994.  He later became a lawful permanent resident.  After a conviction in 1997, an immigration judge ordered him removed on December 23, 1998.  Immigration and Customs Enforcement ("ICE") records reflect he was detained for 98 days in 2014, but they do not indicate why.  Rodriguez Santana was released under an order of supervision on June 17, 2014.

On July 7, 2025, ICE arrested Rodriguez Santana at a Florida probation office and detained him at Alligator Alcatraz.  ICE transferred him to Texas to attempt removal to Mexico, but the attempt was unsuccessful.  Rodriguez

Santana is now back at Alligator Alcatraz.  He challenges the legality of his detention under the Fifth Amendment because removal is not imminent.

**B. Legality of Detention**

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents acknowledge Rodriguez Santana has been in detention more than 180 days, so *Zadvydas*'s burden-shifting framework applies. Rodriguez Santana has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba will not accept him, ICE's attempt to remove him to Mexico was unsuccessful, and ICE has not informed him of any alternative plan for removal. The burden thus shifts to the respondents, but they make no attempt to show they can remove Rodriguez Santana in the reasonably foreseeable future. Nor do they blame him for ICE's failure to remove him to Mexico.

## C. Conclusion

The Court finds no significant likelihood Rodriguez Santana will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably

foreseeable future, ICE can detain Rodriguez Santana to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Lazaro Rodriguez Santana's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Rodriguez Santana within 24 hours of this Order, and they shall provide him with telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record